**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

**RAFAEL REFOJOS & ASSOCIATES, INC., et al
Plaintiff,**

     v.                                  **CIVIL CASE NO: 03-1797 (DRD)**

**IDEAL AUTOMOTIVE AND TRUCK
ACCESSORIES, INC., et al
Defendant**

## OPINION & ORDER

Defendant Durakon Industries, Inc. ("Durakon") filed on July 21, 2005 a motion requesting that the summary judgment determination as to the existence of a contract relationship with plaintiff under Law 21, P.R. Laws Ann. tit. 10 § 279-279(h), and for no cause under the law to terminate the relationship should be set aside. (Docket No. 94). Rafale Refojos & Associates, Inc., et al. ("plaintiffs") have duly opposed and Durakon has replied. (Docket Nos. 101, and 103, respectively). The Court is ready to rule.

The Court originally determined, from a *de novo* review of the Magistrate's Report and Recommendation, application of Law 21 to the commercial relationships of the parties on March 9, 2005. (Docket No. 79). The Court further found no just cause for termination after having previously referred the matter to the Magistrate Judge on October 24, 2004. (Docket No. 54). The Magistrate Judge issued a Report and Recommendation on November 23, 2004. (Docket No. 69). Hence, Durakon's motion, taken as a reconsideration under Fed.R.Civ.P. 59 is late notwithstanding that said rule does not contain a specific time period for filing of a reconsideration. The Court explains.

Interlocutory orders of the Court are considered under Fed.R.Civ.P. 59(e). *See* Waye v. First Citizen's Nat'l Bank, 846 F.Supp. 310 (M.D. Pa. 1994) (request for reconsideration of an interlocutory order denying plaintiff's motion for a default judgment); Atlantic Sales Legal Foundationn v. Karg Bros. Inc., 841 F.Supp. 51, 55 (N.D.N.Y. 1993) (motion for reconsideration of an order granting in part and denying in part a motion for summary judgment); Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99F.R.D 99 (E.D Va. 1983) (motion for reconsideration of order denying motion to dismiss). Although the general rule is that motions for reconsideration will not be considered when filed more than ten days after the judgment at issue is entered, this deadline does not apply to the reconsideration of interlocutory orders. With interlocutory orders, whether a motion for reconsideration is timely filed rests solely on whether or not the motion was filed unreasonably late under the laches theory. *See, e.g.,* Standard Quimica de Venez. v. Central Hispano Int'l, Inc., 189 F.R.D. 202, 205 (D.P.R. 1999) (regarding a request for reconsideration as untimely by seven (7) months); Herbert A. Sullivan, Inc. v. Utica Mut. Ins. Co., 788 N.E.2d 522 (regarding a request for reconsideration as untimely by four (4) months); *see generally,* Atlantic States Legal

Foundation v. Karg Bros., 841 F.Supp. at 55; McCarthy v. Manson, 714 F.2d 234, 237 (2nd Cir. 1983); McDowell Oil Service, Inc. v. Interstate Fire and Casualty Company, 817 F. Supp. 538, 543 (M.D Pa. 1993); Frito Lay of Puerto Rico, Inc. v. Canas, 92 F.R.D. 384, 389-90 (D.P.R. 1981). Having been the motion been filed in excess of four months after the determination was reached by the Court, it is deemed late under the laches theory.

Furthermore, the new arguments made on reconsideration were not properly raised before the Magistrate Judge and are, hence, waived. The Court again pauses to explain. Pursuant to Fed.R.Civ.P. 72(b) and Local Rule 72(b), "[a]bsent objection by the plaintiffs, the district court had a right to assume that plaintiffs agreed to the magistrate's recommendation." Templeman v. Chris Craft Corp., 770 F.2d 245, 247 (1st Cir.), *cert. denied*, 474 U.S. 1021 (1985). Moreover, "[f]ailure to raise objections to the Report and Recommendation waives that party's right to review in the district court and those claims not preserved by such objection are precluded on appeal." Davet v. Maccarone, 973 F.2d 22, 30-31 (1st Cir. 1992). *See also* Henley Drilling Co. v. McGee, 36 F.3d 143, 150-51 (1st Cir. 1994) (holding that objections are required when challenging findings actually set out in magistrate's recommendation, as well as magistrate's failure to make additional findings); Lewry v. Town of Standish, 984 F.2d 25, 27 (1st Cir. 1993) (stating that "**[o]bjection to a magistrate's report preserves only those objections that are specified**".) (emphasis added); Keating v. Secretary of H.H.S., 848 F.2d 271, 275 (1st Cir. 1988); Borden v. Secretary of H.H.S., 836 F.2d 4, 6 (1st Cir. 1987) (holding that appellant was entitled to a *de novo* review, "however he **was not entitled to a *de novo* review of an argument never raised**") (emphasis added). *See generally* United States v. Valencia, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

New arguments, or new known evidence, are to be excluded as reconsideration arguments originally available to movant at the time of the submission to the Magistrate Judge. *See* Rosario Rivera v. Puerto Rico Aqueduct & Sewers Auth., 331 F.3d 183, 193 (1st Cir. 2003). Durakon is note entitled to by-pass the mandate of the applicable Federal Rules and the Local Rules. Clearly, objections not raised at the Magistrate level are deemed waived; only those objections that are claimed are preserved and the *de novo* review is applicable only as to those specific objection raised. *See* Davet v. Maccarone, 973 F.2d at 30-31. Hence, the new matters raised have been all waived. Moreover, defendant is barred from rendering the argument because he who chooses to "sit[] in silence, withhold[] potentially relevant information, allow[] his opponent to configure the summary judgment record, and acquiesce[] in a particular choice of law does so at his peril." Vasapolli v. Rostoff, 39 F.3d 27, 36 (1st Cir. 1994).

Second, the motion to set aside the determination considered as a new motion for summary judgment or a motion to dismiss is simply late since the motion consists of a new dispositive motion and the Court had set as a time limit of August 18, 2004 (Docket No. 45), yet defendant filed the instant motion on July 21, 2005 – thirteen months after the deadline had elapsed. "In an era of burgeoning case loads and thronged dockets, effective case management has become an essential tool for handling civil litigation." O'Connell v. Hyatt Hotels of Puerto Rico, 357 F.3d 152 (1st Cir. 2004). It is Rule 16 which provides the Court with devices, like a scheduling order, necessary to manege its docket. See Fed.R.Civ.P. 16. Moreover, in order for Rule 16(b) to be effective, the

Courts cannot allow litigants to treat scheduling orders "as a frivolous piece of paper idly entered, which can be cavalierly disregarded without peril." See O'Connell, 357 F.3d at 155. However, under Rule 16(b), a court may extend a deadline on a certified showing of good cause as to why the deadline cannot reasonably be met despite de diligence of the party seeking the extension.

The Circuit Court has been quite pellucid in holding that the Fed.R.Civ.P. endow trial judges with formidable case-management authority. *See* Rosario Diaz v. Gonzalez, 140 F.3d 312, 315 (1st Cir. 1998). This authority, in turn, mandates the setting of deadlines for the filing of pretrial motions. *See* Fed.R.Civ.P. 16(b)(2). It is simple *quid pro quo*: "in exchange for the defendant's right to interrupt [with motions the flow of] the judicial process, the court may expect a reasonable modicum of diligence in the exercise of that right." Guzman Rivera v. Rivera Cruz, 98 F.3d 664, 668 (1st Cir. 1996) (citing to Kennedy v. Cleveland, 797 F.2d 297, 301 (6th Cir. 1986)). Thus, when exercising this power, "trial judges enjoy great latitude". Jones v. Winnepesaukee Realty, 990 F.2d 1, 5 (1st Cir. 1993). A litigant who chooses to ignore a case management deadline, as has been repeated on innumerable occasions by this Court, does so at his own peril and may be even sanctioned for such omission. *See* Fed.R.Civ.P. 16(f). "We have made it clear that district courts may punish such dereliction in a variety of ways, including but not limited to the preclusion of [filing ] untimely motions for summary judgment". Rosario Diaz, 140 F.3d at 315. Therefore, the new summary judgment is precluded as late under the management order of this case.

Finally, the Court now addresses the pending issue purely in the alternative that the matter is not late and/or has not been waived as set forth above. It is correctly alleged that, as a commercial contract, the contract of object the case, must be in writing pursuant to this Court's determination at Garita v. Ponce Federal Bank, F.S.B., 954 F.Supp. 438 (D.P.R. 1996) *aff'd*, 122 F.3d 88 (1st Cir. 1997) (standing for the proposition that requires commercial transaction contracts to be in writing) and also under this Court's determination that Law 21 contracts being commercial in nature must be in writing. Innovation Marketing v. Tuffcare Inc., 31 F.Supp.2d 218 (D.P.R. 1998). Defendant questions that plaintiffs's response allegedly merely states that there is no written contract but only "representatives and agents, and conduct of the parties". However, the First Circuit Court has clearly stated in interpreting Law 75 (Law 75 being also a commercial contract that parallels and models Law 21, Innovation Marketing, Id. at 220) that a verbal commercial contract may be confirmed by actions of the parties be it verbal and/or written. *See* R.W. Intern. Corp. v. Welch Food, Inc., 13 F.3d 478 (1st Cir. 1994). Therefore, what the law envisions either a written commercial contract or conduct or confirmation of the relationship be it verbal or in writing.[1] The history of sales plus the fact that there was no other local representative verifies the existence of the contract and sufficiently satisfies the existence of an exclusive distributor since there was no other distributor in the island. Hence, even on the merits, which this Court renders only defendant's argument is invalid because the factual circumstances of the case confirm the existence of a contract covered under Law 21.

---

[1] "[E]xclusivity is generally apparent from the contract **or from the arrangement agreed upon between the parties**." Innovation Marketing, 31 F.Supp.2d at 221 (citing Ballester Hermanos, Inc. v. Campbell Soup, Co., 797 F.Supp. 103, 105 (D.P.R. 1992); R.W. Intern. Corp. v. Welch Food, Inc., 13 F.3d 478 (1st Cir. 1994)) (emphasis added).

The Court sees no reason to proceed with any further argument.  The motion to set aside the summary judgment (Docket No. 94) is **DENIED**.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 15th day or March of 2006.

s/ Daniel R. Dominguez
**DANIEL R. DOMINGUEZ**
**U.S. DISTRICT JUDGE**
